# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ALVAREZ CALVILLO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.: 13cr01652 JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE CONSTRUED AS A PETITION FOR WRIT OF CORAM NOBIS** |

Pending before the Court is Petitioner's motion to vacate his conviction construed as a petition for writ of *coram nobis*. Respondent opposes the petition. After a review of the parties' submissions, and for the reasons discussed below, the Court DENIES the petition.

## BACKGROUND

On April 2013, a criminal complaint was filed against Petitioner and two others for knowingly and intentionally conspiring to distribute methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. sections 841(a)(1) and 846. See Doc. No. 1. Petitioner waived indictment and was charged in an information. See Doc. Nos. 44, 47. Petitioner plead guilty to the charge and was sentenced to twenty-seven (27) months imprisonment followed by four years of supervised release. See Doc. Nos. 58, 88.

After his release from custody, Petitioner filed a motion to reduce his sentence based upon Amendment 782, which revised the guidelines to drug offenses by reducing the offense levels for drug and chemical quantities. See Doc. No. 92. The Court denied the

1

motion as moot because Petitioner was released from custody and no longer serving a term of imprisonment, thereby making Amendment 782 inapplicable. See Doc. No. 94.

On April 3, 2017, Petitioner filed a motion to vacate his plea and/or modify his sentence pursuant to California Penal Code section 1473.7. See Doc. No. 96. The Court construed Petitioner's motion as a petition for writ of *coram nobis*, and set a briefing schedule. Respondent filed an opposition, and Petitioner filed a document entitled "Petition for Writ of Coram Nobis Pursuant to 28 U.S.C. § 1651(a)" that the Court construes as a traverse.

## DISCUSSION

Petitioner seeks an order vacating his conviction. He maintains his plea of guilty was not made voluntarily because he did not have a complete understanding of the consequences of his plea. Specifically, he argues his attorney did not advise him that his plea would adversely affect his immigration status as a legal permanent resident and he would be immediately subject to deportation. He maintains he would not have entered into the plea had he fully understood the consequences. Petitioner contends counsel's failure to advise him of the immigration consequences is a violation of his Sixth Amendment rights.

In opposition, Respondent argues Petitioner waived his right to challenge his sentence and conviction, and fails to meet the requirements for a writ of *coram nobis*.

**I. Waiver**

Respondent contends Petitioner waived his right to appeal or collaterally attack his conviction and sentence. A petition for writ of *coram nobis* is a collateral attack on a criminal conviction. See Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). A knowing and voluntary waiver of a statutory right is enforceable. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). However, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from collaterally attacking his conviction where a petitioner claims ineffective assistance of counsel challenging the

voluntariness of his plea. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

The record demonstrates Petitioner's waiver was made knowingly and voluntarily. In the plea agreement, Petitioner agreed to waive appeal or collateral attack unless the Court imposed a sentence above the high end of the guideline range recommended by the government or for ineffective assistance of counsel. See Plea Agreement at 13. Petitioner was sentenced below the guideline range. Moreover, this Court inquired at the sentencing hearing whether Petitioner understood he was waiving his right to appeal or collaterally attack his conviction to which Petitioner responded "yes." Sentencing Hearing Transcript ("Sent. Tr.") at 16:5-9, Resp.'s Exh. B (Doc. No. 102-2).

Additionally, the record indicates Petitioner was aware of the immigration consequences of his plea. The plea agreement noted that Defendant may be subject to "deportation, removal or other adverse immigration consequences" as a result of his plea. Plea Agreement at 7. During the plea colloquy, the Honorable Mitchell D. Dembin explained that Petitioner could be deported or removed from the United States if he is not a United States citizen. Change of Plea Hearing Transcript at 6:7-10. Furthermore, his attorney explained to him that he would likely be deported if he plead guilty to the charges. Damiani Decl. ¶¶ 8, 10, 12, Resp.'s Exh. C (Doc. No. 102-3). Counsel also argued for a downward departure at the sentencing hearing before this Court, and in Petitioner's presence, based on the ground Petitioner was likely to be deported. Id. ¶ 14, Sent. Tr. at 5:17 – 6:3. During the sentencing hearing, this Court informed Petitioner he would likely be deported. Sent. Tr. at 13:14-16 ("You'll be deported. As hard as that is, that's a routine matter in this Court for drug offenses, Sir.").

As such, the Court finds Petitioner has waived collateral attack.

## II. *Coram Nobis*

Even if Petitioner did not waive collateral attack, he has failed to demonstrate he is entitled to relief. To warrant *coram nobis* relief, a petitioner must show that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction

earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." Matus–Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

Petitioner fails to provide any reason for not attacking his conviction earlier and, as discussed above, fails to demonstrate error of a fundamental character.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Petitioner's motion to vacate, construed as a petition for *coram nobis* is DENIED.

DATED: August 1, 2018

_____
JOHN A. HOUSTON
United States District Judge

4

13cr01652 JAH